# EXHIBIT A

17

DOCKET

CAUSE NO. 1

| COURT NO. | | | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE |
|---|---|---|---|---|---|---|

JUDICIAL
RICT COURT

GRAPHER USED?

NO

E OF ORDERS

DAY | YEAR

MICHAEL ROGERS VS. ALLSTATE FIRE AND
CASUALTY INSURANCE COMPANY

WILLIAM X KING

DALY & BLACK PC
2211 NORFOLK STREET SUITE 800
HOUSTON TX 77098

713-655-1405

ORDERS OF COURT

Contract- Other
Contract

MONTH

04

JURY FEE $4

PAID BY: De
Joh

CAUSE NO. 17-DCV-241117

L. ROGERS VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

| OF ORDERS | DAY | YEAR |
|-----------|-----|------|
|           |     |      |

Unofficial

Filed
4/18/2017 2:22:38 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Katherine Chambers

CAUSE NO. **17-DCV-241117**

| | |
|---|---|
| MICHAEL ROGERS, | § IN THE DISTRICT COURT OF |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| ALLSTATE FIRE AND CASUALTY | § FORT BEND COUNTY, TEXAS |
| INSURANCE COMPANY, | § |
| Defendant, | § Fort Bend County - 240th Judicial District Court |
| | § _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Michael Rogers ("Mr. Rogers"), Plaintiff herein, files this Original Petition against Defendant Allstate Fire and Casualty Insurance Company ("Allstate") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      Michael Rogers is a Texas resident who resides in Fort Bend County, Texas.

2.      Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

### II.
### DISCOVERY

3.      This case is intended to be governed by Discovery Level 1.

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

### IV.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Fort Bend County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. In particular, the loss at issue occurred in Fort Bend County.

### V.
### FACTUAL BACKGROUND

7.      Mr. Rogers owns a home located at ███████████████████. He is a named insured under a property insurance policy issued by Allstate, Policy No. 986 648 659.

8.      On or about January 20, 2017 a severe wind and hail storm struck the Missouri City, Texas area, damaging Mr. Rogers's house and other property.  Mr. Rogers subsequently reported a claim under his insurance policy, Claim No. 0445422389.

9.      Defendant improperly denied the claim.

10.     Allstate assigned adjuster Timothy Wesneski to inspect the loss.  Wesneski conducted a substandard investigation and inspection of the property, ignored evidence of covered damages and represented that he found no hail or wind damage to the roof whatsoever.

11.     Indeed, in a letter dated February 22, 2017 to Mr. Rogers, Wesneski stated that "upon inspection of your property, no damage was found." To the contrary, numerous shingles had torn through their fasteners and bore signs of hail damage.

12.     Allstate's unreasonable investigation led to the complete denial of Plaintiff's claim.

### VI.
### CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

3

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

4

22.     Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney,

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Texas Rules of Civil Procedure 194 and 190.2(6), Defendant is requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l) and all documents, electronic information, and tangible items that they have in their possession, custody, or control and may use to support their claims or defenses.

29.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Michael Rogers prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Rogers be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

6

other and further relief, general or special, at law or in equity, to which Mr. Rogers may show

himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:    /s/ William X. King
       Richard D. Daly
       TBA No. 00796429
       rdaly@dalyblack.com
       ecfs@dalyblack.com
       William X. King
       TBA No. 24072496
       wking@dalyblack.com
       James Willis
       TBA No. 24088654
       jwillis@dalyblack.com
       2211 Norfolk St., Suite 800
       Houston, Texas 77098
       713.655.1405—Telephone
       713.655.1587—Fax

       **ATTORNEYS FOR PLAINTIFF**
       **MICHAEL ROGERS**



## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, John Scott Black, William X. King, and James Willis, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8



Respectfully submitted,

DALY & BLACK, P.C.

By:   /s/ William X. King
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      ecfs@dalyblack.com
      William X. King
      TBA No. 24072496
      wking@dalyblack.com
      James Willis
      TBA No. 24088654
      jwillis@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

      **ATTORNEYS FOR PLAINTIFF**
      **MICHAEL ROGERS**

### CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

      /s/ William X. King
      William X. King

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.   Identify the document's title and general subject matter;
2.   State its date;
3.   Identify all persons who participated in its preparation;
4.   Identify the persons for whom it was prepared or to whom it was sent;
5.   State the nature of the privilege claimed; and
6.   State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.   You know the response made was incorrect or incomplete when made; or
2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.  **"Defendant," "You," "Your(s),"** refers to Allstate Fire and Casualty Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents,

11

studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file

notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**

Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.     their name and job title(s) as of the Date of Loss;

    b.     their employer; and

    c.     description of their involvement with Plaintiff's Claim.

        **ANSWER:**

**INTERROGATORY NO. 2:**

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

        **ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

        **ANSWER:**

**INTERROGATORY NO. 4:**

If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s) and identify any resulting prejudice you claim to have suffered.

        **ANSWER:**

**INTERROGATORY NO. 5:**

Identify the date you first anticipated litigation.

        **ANSWER:**

**INTERROGATORY NO. 6:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 8:**
Describe what research or investigation you performed in ascertaining the date of loss for this Claim.

    **ANSWER:**

**INTERROGATORY NO. 9:**
Describe whether you identified any storm-related damages to Plaintiff's roof in association with Claim No. 0420247958 CAT and if so, the areas of the roof that were damaged and the source or cause of those damages.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO ALLSTATE

### REQUEST FOR PRODUCTION NO. 1

Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss and declarations page(s).

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2

Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3

Produce the complete Claim File for the Claim at issue including all documents and communications regarding the Claim, including, but not limited to, FNOL reports, log notes/diary entries, photographs, checklists, underwriting reports, estimate audit trails, weather reports, invoices, and inter-office communications regarding the Claim.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4

If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5

Produce all documents you provided to Plaintiff (letters, emails, photographs, estimates) related to the Claim or the Property.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 6

Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information) in your possession.

**RESPONSE:**

16

**REQUEST FOR PRODUCTION NO. 7**

Produce all written communications by and between any of your claims personnel, claims handlers, field adjusters, 'ladder assists,' office adjusters, and their direct or indirect supervisors related to the investigation, handling, and disposition of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce Timothy Wesneski's personnel file, including performance reviews/evaluations.   This request is limited to the two (2) years prior to the Date of Loss and one (1) year after the Date of Loss. This request does not seek sensitive personal information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO ALLSTATE

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss the Policy was in full force and effect.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that the Policy is a replacement cost value policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that Allstate found that no storm-related damages existed on Plaintiff's roof as of July 8, 2016.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that Allstate determined the date of loss was January 7, 2017.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that you do not contend that Plaintiff's roof suffers from installation error.

### RESPONSE:

18

Filed
4/18/2017 2:22:38 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Katherine Chambers

# CIVIL CASE INFORMATION SHEET

**17-DCV-241117**

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

Fort Bend County - 240th Judicial District Court

STYLED MICHAEL ROGERS VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: William X. King  Email: ecfs@dalyblack.com | Plaintiff(s)/Petitioner(s): MICHAEL ROGERS | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 2211 Norfolk St., Ste 800  Telephone: (713) 655-1405 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Texas 77098  Fax: (713) 655-1587 | Defendant(s)/Respondent(s): ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | Custodial Parent: Non-Custodial Parent: |
| Signature: /s/ William X. King  State Bar No: 24072496 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

|  | Civil |  |  | Family Law |  |
|---|---|---|---|---|---|

### Civil

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/Condemnation ☐ Partition ☐ Quiet Title ☒ Trespass to Try Title ☒ Other Property: |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____  ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: |

| Employment | Other Civil |  |
|---|---|---|
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: |

| Tax | Probate & Mental Health |  |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

### Family Law

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

| Other Family Law | Parent-Child Relationship |
|---|---|
| ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☒ Other Parent-Child: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

SERVICE FEE COLLECTED
BY DISTRICT CLERK

## THE STATE OF TEXAS

### CITATION

TO:   ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
      C/O CT CORPORATION SYSTEM
      1999 BRYAN STREET SUITE 900
      DALLAS TX 75201-3140

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **APRIL 18, 2017,** a default judgment may be taken against you. Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **APRIL 18, 2017**. It bears cause number **17-DCV-241117** and is styled:

**MICHAEL ROGERS VS. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

The name and address of the attorney for is:

**WILLIAM X KING**
**DALY & BLACK PC**
**2211 NORFOLK STREET SUITE 800**
**HOUSTON TX 77098**
**713-655-1405**

The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of April, 2017.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk **KATHERINE CHAMBERS**
Telephone: (281) 344-3959

17-DCV-241117
ISSU
Issuance
4797074

ORIGINAL

17-DCV-241117                                                     240th Judicial District Court
Michael Rogers vs. Allstate Fire and Casualty Insurance Company

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **18th day of April, 2017** at **2:22 pm** o'clock and executed at  **C/O CT CORPORATION SYSTEM  1999 BRYAN STREET SUITE 900  DALLAS TX  75201-3140**, on the **April 18, 2017**, by delivering to the within named **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2089 9389 34

**FILED**

APR 18 2017

AT __4:32__ P.M.

*Annie Rebecca Elliott*

Clerk District Court, Fort Bend Co., TX

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk  Katherine Chambers

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is
            (First, Middle, Last)

_____ , and my address is _____
                                              (Street, City, Zip)

_____ ."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ ,

on the day of _____ .

                                          _____
                                          Declarant / Authorized Process Server

                                          _____
                                          (Id # & expiration of certification)

ORIGINAL

Citation (By Certified Mail) issued to Allstate Fire and Casualty Insurance Company on 4/18/2017.

# WALZ

**WALZ Form No:35663**
**Version: E 09/16**

To reorder forms, contact us at:

sales@walzgroup.com

(800) 882-3811

www.walzgroup.com

17 – DCV – 2411/17
ISSU
Issuance
4740671

## WALZ SOLUTIONS:

⊕ **WALZ CERTIFIED MAILERS** / Patented forms and software to automate your in-house process

⊕ **WALZ OUTSOURCING SERVICES** : Comprehensive Outsourcing Solutions for compliant type mailings, utilizing Certified Mail® and First-Class Mail® services

⊕ **TRACKRIGHT**™ / Tracks USPS® Delivery events, images and updated status

⊕ **STORERIGHT**: Return R



9414 7266 9904 2089 9389 34

**TO:** ALLSTATE FIRE AND CASUALTY INSURAN
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS, TX 75201-3140

CLERK DISTRICT COURT
FORT BEND CO. TX

Silvia Guevara

**SENDER:** C/CV/CITATION/240/KC

**REFERENCE:** 7-DCV-241117

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 1.82 |
|---|---|---|
| | Certified Fee | 3.35 |
| | Return Receipt Fee | 2.75 |
| | Restricted Delivery | |
| | Total Postage & Fees | 7.92 |

POSTMARK OR DATE

APR 19 2017

USPS®
Receipt for
Certified Mail®



UNITED STATES POSTAL SERVICE®

DALLAS 750

21 APR '17

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX  77469-3108

17 – DCV – 241117
ISSU
Issuance
4749122

**2. Article Number**

9414 7266 9904 2089 9389 34

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

APR 2 1 2017

C. Signature
X    Chris Wells
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS, TX 75201-3140

CLERK DISTRICT COURT
FORT BEND CO., TX

**Reference Information**

17-DCV-241117

DC/CV/CITATION/240/KC

PS Form 3811, January 2005          Domestic Return Receipt

Filed
4/18/2017 2:22:38 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Katherine Chambers

Fort Bend County - 240th Judicial District Court

# ANNIE REBECCA ELLIOTT
# Fort Bend County District Clerk
## 301 Jackson, Richmond, TX  77469

## REQUEST FOR PROCESS
All sections **must** be completed for processing this request.

---

**Section 1:**
Cause No. _____                    Date 04/18/2017
Style:

MICHAEL ROGERS

VS

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

---

**Section 2:**
## Check Process Type:

☑ Citation    ☐ Precept to Serve / Notice of Hearing    ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment    ☐ Citation by Posting

☐ Writ of _____    ☐ Other_____

☐ Citation by Publication* - Newspaper:_____

* (All publications are sent to: **India Herald Inc.** 10701 Corporate Drive, Suite 282 • Sugar Land, Texas 77487)

* (**Unless another newspaper is specified** – FBC Constable will only serve within their jurisdiction.)

**APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM**

**Section 3:**
## Title of Document/Pleading to be attached for service:_____

Plaintiff's Original Petition

**Note: You must furnish _one copy_ of the document/pleading for _each_ party served.**

---

**Section 4: PARTIES TO BE SERVED** (Please type or print)**:**

1. Name: Allstate Fire and Casualty Insurance Company through its registered agent, CT Corporation System

   Address: 1999 Bryan Street, Suite 900

   City: Dallas                    State: Texas                    Zip: 75201-3140

2. Name:_____

   Address: _____

   City:_____    State:_____    Zip:_____

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

| | |
|---|---|
| ☐ No Service | ☐ Secretary of State |
| ☐ Sheriff | ☐ Commissioner of Insurance |
| ☐ Constable Pct._____ | ☐ Out of County |
| ☐ Out of State | ☑ Private Process |
| ◼ Certified Mail | ☐ Registered Mail  (Out of Country) |

**Section 6 (ONLY if Section 7 does not apply)**

**Attorney Name:** William X. King, DALY & BLACK, P.C._____

Address: 2211 Norfolk Street, Suite 800_____
                                    Street/P.O. Box

    Houston_____ Texas_____ 77098_____
              City                          State              Zip

Attorney's Telephone No. (713) 655-1405____ Attorney's Bar No. 24072496

**Section 7 (ONLY if Section 6 does not apply)**

**Pro-Se Name:**_____

Address:_____
                                    Street/P.O. Box

    _____        _____
              City                                        State                      Zip

Telephone No. _____

**Section 8**

## Check Delivery Type:

☐ Hold for pick up    ☐ Mail to Attorney    ☐ Mail to Pro-Se Party

Request Process Form
Revised: 2013/12                    2 of 2

Filed
5/12/2017 9:03:13 AM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

NO.   17-DCV-241117

| | | |
|---|---|---|
| MICHAEL ROGERS | § | IN THE DISTRICT COURT |
| VS. | § | FORT BEND COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § | 240TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Fire and Casualty Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

## III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred. For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by §17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

## V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others. Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of his claim, as required by the policy.

2

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

3

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Fire and Casualty Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Fire and Casualty Insurance Company, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ John M. Causey

_____

John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on May 12, 2017, correctly addressed to:

William King
Daly & Black
2211 Norfolk St., Suite 800
Houston, TX 77098

/s/ *John M. Causey*
_____

John M. Causey

5